that the order satisfies the criteria and that granting the petition is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for permission to appeal is granted.

(2) The revised official is reflected above.

In re John J. BUCKSHAW, Petitioner.

No. 706.

United States Court of Appeals, Federal Circuit.

Aug. 2, 2002.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

LOURIE, Circuit Judge.

*ORDER*

John J. Buckshaw petitions for a writ of mandamus seeking various relief. Buckshaw moves for leave to proceed in forma pauperis. The court considers whether it has jurisdiction over Buckshaw's petition.

"Our jurisdiction is, of course, a threshold question to be cleared in every case, whether or not challenged by a party." *Wyden v. Commissioner of Patents and Trademarks,* 807 F.2d 934, 935 (Fed.Cir. 1986). The burden of establishing that the court "possesses the jurisdiction [the appellant] seeks to invoke" falls on the Buckshaw. *Palmer v. Barram,* 184 F.3d 1373, 1377 (Fed.Cir.1999). Buckshaw has not

met this burden. Although not entirely clear, Buckshaw appears to assert jurisdiction pursuant to 28 U.S.C. § 1295(a) based on his claims in various district courts pertaining to unfair competition "joined with substantial or related claim[s] ... under the trademark laws." 28 U.S.C. § 1338(b). However, pursuant to section 1295(a)(1), the court does not have jurisdiction over trademark cases "unless combined with a patent claim." *Wyden,* 807 F.2d at 955. Buckshaw has not alleged any patent claims in the various actions in which he seeks mandamus relief. Therefore his petition is not properly before this court.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The motion for leave to proceed in forma pauperis is moot.